UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>RYAN TAIAROL, et al.,<br><br>Defendants. | No. 2:21-cv-1958 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was improperly classified as a gang member in prison, and after his release the wrongful gang classification was used by police to obtain search and arrest warrants. Presently before the court is plaintiff's motion for an extension of time to file an in forma pauperis application (ECF No. 13), motion to proceed in forma pauperis (ECF No. 14), and his amended complaint (ECF No. 11) for screening. For the reasons set forth below, the court will deny the motion for extension of time as moot, grant the motion to proceed in forma pauperis, and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff filed a motion for an extension of time to submit his in forma pauperis application. (ECF No. 13.) The following day plaintiff submitted a properly completed in forma

////

1 pauperis application. (ECF No. 14.) Accordingly, the court will deny the motion for an
2 extension of time as moot.
3   As stated above, plaintiff has submitted a declaration that makes the showing required by
4 28 U.S.C. § 1915(a). (ECF No. 14.) Accordingly, the request to proceed in forma pauperis will
5 be granted.
6   Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§
7 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in
8 accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct
9 the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
10 forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments
11 of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
12 These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
13 the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §
14 1915(b)(2).

**SCREENING**

**I.    Legal Standards**

17   The court is required to screen complaints brought by prisoners seeking relief against a
18 governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §
19 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims
20 that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
21 granted, or that seek monetary relief from a defendant who is immune from such relief. See 28
22 U.S.C. § 1915A(b)(1) & (2).
23   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
24 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
25 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
26 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
27 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
28 pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

1  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
2  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
3  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell
4  AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
5  (1957)).
6  　　　　However, in order to survive dismissal for failure to state a claim a complaint must
7  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
8  factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,
9  550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the
10 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
11 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
12 doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
13 　　　　The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

17 42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at
18 389. The statute requires that there be an actual connection or link between the
19 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
20 Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
21 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
22 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
23 omits to perform an act which he is legally required to do that causes the deprivation of which
24 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
25 　　　　Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
26 their employees under a theory of respondeat superior and, therefore, when a named defendant
27 holds a supervisorial position, the causal link between him and the claimed constitutional
28 violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**I.   Allegations in the Complaint**

Plaintiff has identified the following defendants: (1) City of Stockton; (2) Stockton chief of police, Womack; (3) Stockton police sergeant, Kyle Pierce; (4) Stockton Police sergeant, Ryan Taiarol; (5) Stockton police officer, Jason Mamaril; (6) Stockton police detective, Paul Gutierrez; (7) Stockton police officer, Miroslava Moreno; (8) Stockton police officer, Kathryn Abdallah; (9) the California Department of Corrections and Rehabilitation ("CDCR"); and (10) CDCR employee, Christopher Paris. (ECF No. 11 at 1, 8-10.)

Plaintiff states Kyle Pierce was an investigating officer in relation to a San Joaquin County case. (ECF No. 11 at 10.) Plaintiff was released from CDCR custody on June 18, 2016. (Id.) Plaintiff avers that he is not a documented or validated member of the Northern Riders gang. He further alleges that the N. Riders have never been classified as a criminal street gang under California law. (Id. at 10-11.)

On June 26, 2017, there was a high-speed chase involving Stockton police officers, Taker and Clyborne. (Id. at 11.) There was a second high speed chase that same day involving Stockton police department sergeant mark Couvillion. None of the officers involved in either chase gave a description of the suspects or wrote about any gang activities in their reports.

Plaintiff alleges defendants Taiarol, Mamaril, Gutierrez, Abdalah, and Moreno made false statements to obtain search warrants. (Id. at 11.) He further alleges these defendants falsely stated plaintiff was a "South Side Stockton Norteno Street Gang Member" and that he was arrested as a norteno gang member in 2009. (Id. at 12.) Gutierrez authored a crime report stating plaintiff "was a documented Northern Rider criminal street/prison gang member . . . with affidavit CEO Document Presented to Chief Womack . . . with a warrant/affidavit to be presented to San Joaquin County Supervisor/Assistant Chief DDA R. Freitas whom reviewed and signed the D/A application dated 6/28/2017." (Id.)

////

Plaintiff claims defendants conspired to place false gang information into his social media accounts. (Id. at 12.) Plaintiff states that there was no independent evidence such as gang photographs, gang members, "F.I" cards, gang colors, and/or gang symbols indicating that he was in a gang. Rather, he argues, the information was from "hearing and visual observation." (Id. at 12-13.)

He further alleges these same defendants "conspired with same false gang allegations/information into several social media accounts allegedly belonging to plaintiff." (Id. at 12.) These officers "listened to and followed plaintiff via daily surveillance for approximately 45 days including pursuant to gang search warrants on cell phones, social media accounts/wiretaps – GPS trackers from same fabricated gang intel." (Id.) Taiarol submitted a warrant that was signed by a superior court judge for a cellphone belonging to plaintiff. (Id. at 13.) That same day plaintiff was pulled over and booked into the San Joaquin County jail. However, no cell phone was booked into his personal property or noted in the report. (Id.) The charges were related to a gun crime rather than his earlier crimes. (Id.) He further alleges that he was pulled over as ruse to obtain his cellphone. (Id. at 14.) He claims that no cellphone was logged into evidence and no evidence was logged showing that the cellphone belonged to plaintiff.

He argues that grand jurors were improperly led to believe that nortenos and northern riders are the same or similar subsets of one another. (Id. at 18.) He alleges that he has not been involved in gang activity, but he is still under investigation for gang related activities. (Id. at 19.) Plaintiff alleges that gang allegations and enhancements were dismissed by the superior court. (Id. at 20.)

Plaintiff further alleges that Stockton Police Chief Womack failed to properly train and discipline the defendant officers. (Id.)

**II.     Does Plaintiff State a Claim under § 1983?**

"A seizure conducted pursuant to a warrant obtained by judicial deception violates the Fourth Amendment." Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007) (citing Butler v. Elle, 281 F.3d 1014, 1024 (9th Cir. 2002)). "To prevail on a § 1983 claim of deliberate

fabrication, a plaintiff must prove that (1) the defendant officials deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." Spencer v. Peters, 857 F.3d 789, 798 (9th Cir. 2017).  "Deliberate fabrication can be shown by direct evidence, for example, when 'an interviewer . . . deliberately mischaracterizes witness statements in her investigative report.'" Spencer, 857 F.3d at 793 (quoting Costanich v. Dept. of Soc. & Health Servs., 627 F.3d 1101, 1111 (9th Cir. 2010)).  "A plaintiff must allege, and ultimately establish, that 'without the dishonestly included or omitted information, the magistrate would not have issued the warrant. Put another way, the Plaintiff must establish that the remaining information in the affidavit is insufficient to establish probable cause.'" Kastis v. Alvarado, No. 1:18-cv-1325 DAD BAM, 2020 WL 2468389 at *3 (E.D. Cal. May 13, 2020) (quoting Hervey v. Estes, 65 F.3d 784, 789 (9th Cir. 1995)).

Plaintiff may be able to state a claim based on the allegations provided in the amended complaint.  However, plaintiff will be directed to file an amended complaint because as stated it is not clear whether the warrants would have been granted without the inclusion of the gang involvement allegations.  It is not clear whether defendants, other than Paris, knew that the gang involvement allegations were false when they applied for the warrants at issue.

In order to state a claim, plaintiff must state facts showing that the warrants would not have been granted without inclusion of the false gang allegations.  Plaintiff should also state with specificity which warrants are at issue.  Without knowing which warrants are at issue, the court cannot determine whether the complaint contains a potentially cognizable claim.  In any amended complaint, plaintiff must show how the misinformation led to warrants being obtained.

## AMENDING THE COMPLAINT

As set forth above, the court cannot determine whether the complaint states a claim. However, plaintiff will be given the opportunity to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the

claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

////

////

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 13) denied as moot.  Plaintiff's motion to proceed in forma pauperis filed (ECF No. 14) on May 24, 2022, is deemed timely filed.

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 14) is granted.

3. The amended complaint (ECF No. 11) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  September 30, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/rodr1958.scrn