UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. RODRIGUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>RYAN TAIAROL, et al.,<br><br>    Defendants. | No. 2:21-cv-1958 DB P<br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was improperly classified as a gang member in prison, and after his release the wrongful gang classification was used by police to obtain search and arrest warrants. Presently before the court is defendant City of Stockton's motion to dismiss (ECF No. 24) and plaintiff's motion for an extension of time to file an opposition to the motion to dismiss (ECF No. 27).

    The court screened and dismissed plaintiff's original complaint. (ECF No. 16.) Thereafter, plaintiff filed a first amended complaint. (ECF No. 22.) Before the court had the opportunity to screen plaintiff's amended complaint, defendant City of Stockton filed a motion to dismiss. (ECF No. 24.) Therein, the City of Stockton argues that the complaint should be dismissed because plaintiff's claims are barred by the statute of limitations and <u>Heck v.</u>

Humphrey, 512 U.S. 477, 486-87 (1994).[1]  Plaintiff has requested a thirty-day extension of time to file an opposition to the motion to dismiss.  (ECF No. 27.)

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Thus, defendant's motion to dismiss is premature and will be denied, without prejudice to its renewal if the court determines service is appropriate.  See Gibbons v. Arpaio, No. CV 07-1456 PHX SMM (JCG), 2007 WL 2990151, at *2 (D. AZ. Oct. 11, 2007) (dismissing motion to dismiss filed before screening order as premature); Rios v. Dragon, No. 2:20-cv-00146 ADA HBK (PC), 2022 WL 11324595, at *3 (E.D. Cal. Oct. 19, 2022) (same).  The undersigned will further deny plaintiff's motion for an extension of time as moot and screen the first amended complaint in due course.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant City of Stockton's motion to dismiss (ECF No. 24) is denied without prejudice; and

2. Plaintiff's motion for an extension of time (ECF No. 27) is denied as moot.

Dated:  March 8, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/rodr1958.mtd+eot

---

[1] In Heck, the Supreme Court held that a plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court.