UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN TAIAROL, et al.,<br><br>    Defendants. | No. 2:21-cv-1958 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's first amended complaint (ECF No. 22) for screening. For the reasons set forth below, this court will dismiss the first amended complaint with leave to amend.

**SCREENING**

**I.    Legal Standards**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658

1   (1978).  "A person 'subjects' another to the deprivation of a constitutional right, within the
2   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
3   omits to perform an act which he is legally required to do that causes the deprivation of which
4   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

### I.  Allegations in the First Amended Complaint (ECF No. 22)

Plaintiff identifies the nine defendants: (1) City of Stockton; (2) Stockton Chief of Police Womack; (3) Stockton Police Sergeant Kyle Pierce; (4) Stockton Police Sergeant Ryan Taiarol; (5) Stockton Police Officer Jason Mamaril; (6) Stockton Police Detective Paul Gutierrez; (7) Stockton Police Officer Miroslava Moreno; (8) Stockton Police Officer Kathryn Abdallah; and (9) Special Agent Christopher Paris of the California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff alleges the following.  Defendant Pierce arrested plaintiff in 2009 for various crimes.  No allegations were made at that time that plaintiff was a member of the Norteño/Southside Stockton prison gang.  Plaintiff appears to allege that he was charged with being a member of the Northern Riders gang, which has never been classified by the state as a criminal street gang.  Defendant Paris was aware of that fact.  The gang charge against plaintiff, apparently while he was in prison, was dismissed in 2014.  Plaintiff was convicted and released from CDCR custody on June 18, 2016.  When he left prison, plaintiff was not a validated or documented gang member.  (ECF No. 22 at 4-5.)

On June 26, 2017, Stockton police officers were involved in two high speed chases.  None of the officers involved in either chase gave a description of the suspects or wrote about any gang activities in their reports.  (ECF No. 22 at 5-6.)

Plaintiff alleges defendants Taiarol, Mamaril, Gutierrez, Abdalah, and Moreno made false statements that plaintiff was a gang member to obtain search warrants.  He further alleges defendants Taiarol and Mamaril obtained a warrant in which they falsely alleged plaintiff was arrested as a Norteño gang member in 2009.  Defendant Pierce was the arresting officer and knew that plaintiff had not been charged with being a Norteño gang member in 2009.  (ECF No. 22 at 6-7.)

1    Defendant Gutierrez falsified a crime report and an affidavit for a warrant.  In addition, Gutierrez got into plaintiff's social media accounts without a warrant.  (ECF No. 22 at 7.)

Defendants Taiarol, Mamaril, Abdalah, Moreno, and Paris falsified gang allegations to get into plaintiff's social media accounts.  Defendants Taiarol, Mamaril, Abdalah, Moreno, and Pierce listened to plaintiff on wiretaps for 45 days based on the false gang allegations.  (ECF No. 22 at 7-8.)

On June 18, 2017, defendant Taiarol made false gang allegations to get a warrant to seize a cell phone that he alleged belonged to plaintiff, even though he knew it did not.  A month later, a San Joaquin County Sheriff's deputy pulled plaintiff over and plaintiff was booked into the San Joaquin County Jail.  Deputies at the jail repeatedly asked plaintiff for his cell phone.  (ECF No. 22 at 8-9.)

In August 2017, defendants Taiarol, Mamaril, and Moreno falsified gang allegations to obtain a residential search warrant.  Plaintiff did not live at that address.  (ECF No. 22 at 12-13.)

Plaintiff was arrested on August 10, 2017.  He was charged in San Joaquin County of three major felonies with no specific gang allegations.  Defendants Mamaril, Taiarol, Abdalah, and Moreno testified falsely before the grand jury that plaintiff was a validated member of three criminal street/prison gangs.  (ECF No. 22 at 13.)

In October 2017, plaintiff was charged with multiple crimes which included gang allegations and gang enhancements.  (ECF No. 22 at 14.)  On August 15, 2021, the gang allegations were dismissed with prejudice.  (Id.)

Defendants City of Stockton and Womack had prior notice of these officers' misconduct and failed to take action to properly train them or take action against them for their misconduct.  (ECF No. 22 at 17-18.)

Plaintiff states that as a result of defendants' conduct, he suffered emotional distress and legal fees, among other things.

**II.    Does Plaintiff State Claims under § 1983?**

Plaintiff's claims suffer the same problem as the claims he alleged previously.  As plaintiff was informed in the prior screening order, "[t]o prevail on a § 1983 claim of deliberate

3

fabrication [of an affidavit in support of a warrant application], a plaintiff must prove that (1) the defendant officials deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." Spencer v. Peters, 857 F.3d 789, 798 (9th Cir. 2017). "Deliberate fabrication can be shown by direct evidence, for example, when 'an interviewer . . . deliberately mischaracterizes witness statements in her investigative report.'" Spencer, 857 F.3d at 793 (quoting Costanich v. Dept. of Soc. & Health Servs., 627 F.3d 1101, 1111 (9th Cir. 2010)). "A plaintiff must allege, and ultimately establish, that 'without the dishonestly included or omitted information, the magistrate would not have issued the warrant. Put another way, the Plaintiff must establish that the remaining information in the affidavit is insufficient to establish probable cause.'" Kastis v. Alvarado, No. 1:18-cv-1325 DAD BAM, 2020 WL 2468389 at *3 (E.D. Cal. May 13, 2020) (quoting Hervey v. Estes, 65 F.3d 784, 789 (9th Cir. 1995)).

Again, plaintiff fails to allege facts showing that without the gang allegations, the warrants would not have issued. In any amended complaint, plaintiff must show how the misinformation led to warrants being obtained. The first amended complaint will be dismissed.

## AMENDING THE COMPLAINT

As set forth above, this court finds plaintiff fails to state any cognizable claims for relief under section 1983. Plaintiff will be given another opportunity to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

4

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The first amended complaint (ECF No. 22) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

////

Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

     5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: July 29, 2024

                                  DEBORAH BARNES
                                  UNITED STATES MAGISTRATE JUDGE

DB:9
DB/DB Prisoner Inbox/Civil Rights/S/rodr1958.FAC scrn