UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. RODRIGUEZ, | No. 2:21-cv-1958 SCR P |
| Plaintiff, | |
| v. | ORDER |
| RYAN TAIAROL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's second amended complaint (ECF No. 36) for screening. For the reasons set forth below, the court finds plaintiff states potentially cognizable claims that he was charged based on false evidence but fails to state any other claims. Plaintiff will be given the choice of proceeding immediately on his claims found potentially cognizable or amending the second amended complaint. If plaintiff chooses to proceed on the potentially cognizable claims, he will voluntarily dismiss all other claims.

## BACKGROUND

Plaintiff filed his original complaint in October 2021 and a motion to proceed in forma pauperis in May 2022. (ECF Nos. 1, 15.) Before he filed the motion to proceed in forma pauperis, plaintiff filed a first amended complaint. (ECF No. 11.) After he was granted in forma pauperis status, the court screened the first amended complaint. (ECF No. 16.) The court found

plaintiff was attempting to state claims that search warrants were issued based on allegations defendants knew to be false. The court held that plaintiff stated no cognizable claims for relief under §1983 and dismissed the amended complaint with leave to amend.

In December 2022, plaintiff filed another amended complaint, also docketed as a "first amended complaint" ("December 2022 first amended complaint"). (ECF No. 22.) Defendant City of Stockton moved to dismiss this complaint. (ECF No. 24.) The City argued that plaintiff's claims arising out of his 2017 arrest, were barred by the statute of limitations and by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). The court dismissed the motion without prejudice as premature. (ECF No. 28.) In July 2024, the court dismissed the December 2022 first amended complaint with leave to amend. (ECF No. 34.) On August 26, plaintiff filed a second amended complaint. (ECF No. 36.)

## SCREENING

### I. Legal Standards

As described in the court's prior screening orders, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

### II. Allegations in the Second Amended Complaint (ECF No. 36)

Plaintiff identifies the following defendants: (1) City of Stockton; (2) Stockton Chief of Police Womack; (3) Stockton Police Sergeant Kyle Pierce; (4) Stockton Police Sergeant Ryan

2

Taiarol; (5) Stockton Police Detective Jason Mamaril; (6) Stockton Police Detective Paul Gutierrez; (7) Stockton Police Detective Miroslava Moreno; (8) Stockton Police Detective Kathryn Abdallah; and (9) CDCR Special Agent Christopher Paris. (ECF No. 36 at 3-4.) Plaintiff's lengthy allegations are largely the same as those he made in the December 2022 first amended complaint. Plaintiff argues that defendants obtained multiple search warrants based on the false assertion that plaintiff was a validated member of a gang classified as a criminal street gang under California law.

Plaintiff also alleges defendants Paris, Mamaril, Taiarol, Abdallah, and Moreno testified falsely before the grand jury that plaintiff was a validated member of three criminal street/prison gangs. (ECF No. 36 at 14, 15, 19, 20, 25-26.) Plaintiff contends defendants Gutierrez and Womack then "illegally charged" him with gang crimes. (Id. at 16.) Plaintiff further alleges that he was illegally arrested for gang crimes based on false evidence. (Id. at 24.)

Plaintiff contends defendants City of Stockton and Womack knew about the misconduct of the officers and failed to take action to correct it or discipline the officers, failed to take adequate precautions in the hiring and retention of officers, and failed to adequately respond to complaints about officer misconduct. (ECF No. 36 at 23-24.)

In October 2017, plaintiff was charged with multiple crimes which included a gang charge and twenty gang enhancements. (ECF No. 36 at 20.) On March 15, 2021, the gang allegations were dismissed with prejudice. (Id.) Plaintiff pleaded no contest to a number of crimes and was sentenced to twenty-one years in prison.[1] Plaintiff contends a deputy district attorney moved to dismiss the gang charges and enhancements. In her motion, the attorney stated that "there may have been a mistake with respect to Mr. Rodriguez." (Id.)

Plaintiff states that as a result of defendants' conduct in causing him to be charged with a crime and enhancements based on false gang allegations, he suffered humiliation, emotional distress, and pain and suffering. In addition, he incurred expenses including legal fees. (ECF No.

---

[1] Plaintiff filed a habeas corpus petition in this court in 2022. Rodriguez v. Madden, 2:22-cv-1539 WBS KJN P. The facts underlying plaintiff's conviction are set out in the magistrate judge's findings and recommendations. (ECF No. 25 at 2-4.) The district judge denied the petition on August 25, 2023. (ECF No. 28.)

36 at 22, 28.) Plaintiff states that success on his claims will not invalidate the charges to which he plead guilty and he is not seeking to invalidate them. (Id. at 23.)

### III. Does Plaintiff State Claims under § 1983?

#### A. Challenges to Warrants

Plaintiff clarifies in his second amended complaint that he does not seek to challenge the charges to which he pled guilty. Rather, he seeks to challenge the gang charges that were dismissed with prejudice. Plaintiff's second amended complaint is primarily a long account of the many warrants he contends were issued based on false gang allegations. However, plaintiff does not explain how those warrants resulted in information that lead to the gang-related charges. If the warrants resulted in information that lead to other charges, then a finding in this court that those warrants were invalid would affect the bases for those other charges. Plaintiff fails to show he received a favorable termination of the other charges which might permit him to proceed to recover damages in this §1983 action based on those other charges. See Heck v. Humphrey, 512 U.S. 477 (1994).

Moreover, plaintiff again fails to show that the "deliberate fabrication [of the affidavits in support of the warrant applications] caused the plaintiff's deprivation of liberty." Spencer v. Peters, 857 F.3d 789, 798 (9th Cir. 2017). Plaintiff makes only conclusory statements that without the fabrications in the affidavits there was no independent probable cause for the search warrants. (See ECF No. 36 at 8-12, 14.) Plaintiff fails to state cognizable claims regarding the falsification of affidavits in support of search warrants. Further, it is does not seem likely plaintiff can state such claims if this §1983 action rests only plaintiff's injuries resulting from the false gang allegations. Nonetheless, to the extent plaintiff is attempting to challenge the warrants, he will be given one final opportunity to amend his complaint to attempt to state such claims.

#### B. Challenges to Grand Jury Testimony

Plaintiff's allegations that defendants knowingly testified falsely before the grand jury are minimally sufficient to allege a claim under §1983. Plaintiff has a "clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d

1070, 1074-75 (9th Cir. 2001); see also Caldwell v. City and Cnty. of S.F., 889 F.3d 1105, 1115 (9th Cir. 2018) ("[A] §1983 plaintiff need not be convicted on the basis of the fabricated evidence to have suffered a deprivation of liberty - being criminally charged is enough.") (citing Devereaux, 263 F.3d at 1074-75).)  Plaintiff alleges defendants Paris, Mamaril, Taiarol, Abdallah, and Moreno knowingly testified falsely.  He will be permitted to proceed on the false evidence claims against those defendants.

With respect to defendant Pierce, plaintiff's allegation appears to be that when Pierce arrested plaintiff on different charges in 2009, Pierce knew plaintiff was not a gang member. Plaintiff does not allege specific facts showing that Pierce was involved in the falsification of grand jury testimony.  To the extent plaintiff is attempting to state a claim against Pierce, that claim will be dismissed with leave to amend.

Plaintiff states defendants Womack and Gutierrez "charged" him with gang crimes based on the false evidence.  However, plaintiff does not allege facts showing that Womack and Gutierrez knew the evidence was false.  Nor does plaintiff explain how those defendants, as opposed to the prosecutors, were responsible for filing the criminal charges.

**C.  False Arrest**

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification."  Dubner v. City & Cnty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001) (citation omitted).  Like his warrant claims, plaintiff fails to state facts showing that absent the false gang allegations he would not have been arrested.  Plaintiff's false arrest claim will be dismissed with leave to amend.

**D.  Defendants City of Stockton and Womack**

Plaintiff makes broad allegations that the City and Police Chief Womack failed to train and discipline the officer defendants.  To the extent plaintiff is attempting to bring a claim based on an unconstitutional policy or custom, he must allege that:  (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind

the constitutional violation. Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1110-11 (9th Cir. 2001). Plaintiff's general statement that defendants had inappropriate training, hiring, and retention policies is insufficiently specific to connect any sort of policy with the harm plaintiff claims to have suffered.

Plaintiff's claim that these defendants failed to discipline the officers also fails. Plaintiff has no constitutional right to have officers disciplined and, even if he did, he fails to allege facts showing a connection between a failure to discipline and his alleged harm.

## CONCLUSION

This court finds above that plaintiff states potentially cognizable due process claims against defendants Paris, Taiarol, Mamaril, Moreno, and Abdullah for giving false testimony to the grand jury. This court further finds that plaintiff fails to state any other claims for relief cognizable under §1983. Plaintiff will be given a choice. He may choose to proceed immediately on his false testimony claims against defendants Paris, Taiarol, Mamaril, Moreno, and Abdullah and dismiss his other claims or he may choose to file a third amended complaint.

If plaintiff chooses to file an amended complaint, plaintiff must address the problems with his second amended complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a person deprives another of a

1   constitutional right if that person was personally involved in the deprivation, set in motion acts by
2   others that resulted in the deprivation, or refused to terminate acts by others that resulted in the
3   deprivation). "Vague and conclusory allegations of official participation in civil rights violations
4   are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

5       In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.
6   R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.
7   R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or
8   occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

9       The Federal Rules of Civil Procedure contemplate brevity. Plaintiff's claims must be set
10  forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A.,
11  534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which
12  was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. However, "a
13  complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on
14  its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 570). A claim is
15  plausible when the plaintiff includes facts "that allow[] the court to draw the reasonable inference
16  that the defendant is liable for the misconduct alleged." Id.

17      An amended complaint must be complete in itself without reference to any prior pleading.
18  E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

19      By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and
20  has evidentiary support for his allegations, and for violation of this rule the court may impose
21  sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

22      For the foregoing reasons, IT IS HEREBY ORDERED as follows:

23      1. Plaintiff states potentially cognizable due process claims against defendants Paris,
24         Taiarol, Mamaril, Moreno, and Abdullah for giving false testimony to the grand jury.
25      2. Plaintiff's other claims are dismissed with leave to amend.
26      3. Plaintiff may choose to proceed on his potentially cognizable claims set out above or
27         he may choose to file a third amended complaint. If plaintiff chooses to proceed on
28         his potentially cognizable claims in the second amended complaint, he shall

      voluntarily dismiss his other claims and defendants.

4. Within twenty-one days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: October 31, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RYAN TAIAROL, et al.,<br><br>　　　　Defendants. | No.  2:21-cv-1958 SCR P<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed immediately on his due process claims for false testimony against defendants Paris, Taiarol, Mamaril, Moreno, and Abdullah in the second amended complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_    Plaintiff wants to amend the second amended complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Steven R. Rodriguez, Plaintiff