UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>RYAN TAIAROL, et al.,<br><br>Defendants. | No. 2:21-cv-1958 SCR P<br><br>ORDER and FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff's third amended complaint ("TAC") is pending screening under 28 U.S.C. § 1915A. On July 28, 2025, plaintiff filed an ex parte motion seeking a court order for High Desert State Prison ("HDSP") personnel to return his active legal work cases and law books that he needs to prosecute this case. (ECF No. 43.) The undersigned construes this motion as seeking a preliminary injunction. For the reasons set forth below, the undersigned recommends that plaintiff's motion be denied. Plaintiff's TAC will be screened separately in due course.

## MOTION FOR PRELIMINARY INJUNCTION

### I.    Plaintiff's Claims and Evidence

Plaintiff states that he transferred to High Desert State Prison ("HDSP") from the California Rehabilitation Center ("CRC") with all of his property on July 18, 2025. He was

1

transferred to receive a higher level of nursing care. (ECF No. 43 at 2.) On July 20, 2025, plaintiff told C/O Torres he was on PLU status, had four active cases, and needed his legal property. Torres told plaintiff that he would get his property if he was placed on extended stay and brought him law library forms. (Id.)

The next day, Dr. Davis, plaintiff's primary care provider, told plaintiff he would be at HDSP long-term and would tell custody staff to get his property. (ECF No. 43 at 2.) Plaintiff sought out C/O Torres the next day, July 22, 2025. Torres told plaintiff his property was sent back. (Id.) On July 23, 2025, Dr. Davis saw plaintiff and made a progress note that he was "extended stay." (Id.) Plaintiff filed a 602 grievance on July 23, 2025, concerning Torres' lies and as an emergency appeal to return property. (Id. at 3.) As of July 23, 2025, plaintiff still did not know where his property was. Plaintiff saw a mental health provider because he was agitated and stressed out over pressing deadlines in his other actions. (Id.)

Plaintiff alleges Torres' unauthorized shipping of his property back to CRC violated his constitutional right to access the courts. (ECF No. 43 at 4.) Plaintiff's deadline to file a 28 U.S.C. § 2254 action challenging his conviction is approaching. The § 2254 action is "part of the outer scope" of the 42 U.S.C. § 1983 action currently before this court. It will reverse his conviction if its allegations are proven true. (Id.) Plaintiff requests an order directing HDSP personnel to return and deliver his property. (Id.)

II.    **Legal Standard**

A preliminary injunction is an extraordinary remedy that may only be granted if the moving party satisfies one of two legal standards. A plaintiff seeking a preliminary injunction must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). A plaintiff may also be entitled to a preliminary injunction by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor. All. For the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

/////

### III. Discussion

Plaintiff's motion should be denied because the undersigned does not have jurisdiction over C/O Torres or any other HDSP personnel identified in the motion. Plaintiff's TAC, which alleges falsification of evidence by Stockton police officers and a CDCR special agent, has yet to be screened under 28 U.S.C. § 1915A. (ECF No. 40.) Without an operative complaint and service on defendants,[1] the court lacks personal jurisdiction over the parties and subject matter jurisdiction over the claim. Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Even if these jurisdictional barriers were not present, an injunction under Rule 65 binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). "The district court must, therefore, tailor the injunction to affect only those persons over which it has power." Zepeda, 753 F.2d at 727. Here, the HDSP personnel identified in plaintiff's motion are not named as defendants in the TAC, and plaintiff has not put forth any evidence that they are "in active concert or participation" with the defendants. "The pendency of this action … does not give the Court jurisdiction over prison officials in general[.]" Beaton v. Miller, No. 1:20-cv-0005 NONE JLT PC, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020), report and recommendation adopted sub nom. Beaton v. Valley State Prison, No. 1:20-cv-0005 NONE JLT PC, 2020 WL 7183691 (E.D. Cal. Dec. 7, 2020).

The undersigned recognizes the importance of plaintiff's legal property to the prosecution of his legal actions. But given the absence of an operative complaint and service on defendants, as well as the lack of any nexus between the HDSP personnel and the defendants named in the

---

[1] Although no parties have been served, attorneys for defendant City of Stockton previously appeared and filed a motion to dismiss plaintiff's original complaint. (ECF No. 24.) The previously assigned magistrate judge denied the motion to dismiss without prejudice as premature because the complaint had not been screened. (ECF No. 28.)

TAC, the undersigned recommends that plaintiff's motion be denied.  Plaintiff is advised that the undersigned will screen his TAC in due course.  If Plaintiff still needs emergency relief concerning his legal property, he may seek it in a new legal action.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this matter.

In addition, IT IS HEREBY RECOMMENDED that plaintiff's ex parte motion for HDSP personnel to return his active legal work cases and law books (ECF No. 43), construed as a motion for preliminary injunction, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 26, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE