UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. RODRIGUEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>RYAN TAIAROL, et al.,<br><br>  Defendants. | No. 2:21-cv-1958 SCR P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff's third amended complaint ("TAC") is before the undersigned for screening under 28 U.S.C. § 1915A. The TAC states a cognizable Fourteenth Amendment falsification of evidence claim against defendants Taiarol, Mamaril, Abdallah, and Paris, but no other cognizable claims. Plaintiff was previously advised that the TAC was his final chance to amend his claim challenging the issuance of search warrants. Further, the remaining claims fail to comply with Rule 8 despite repeated warnings. Therefore, the undersigned recommends the TAC's remaining claims and defendants be dismissed without prejudice.

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In

1

performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S TAC**

Plaintiff's TAC names six (6) defendants: (1) Stockton Police Sergeant Ryan Taiarol; (2) Stockton Police Detective Jason Mamaril; (3) Stockton Police Detective Paul Gutierrez; (4) Stockton Police Sergeant Kyle Pierce; (5) Stockton Police Detective Kathryn Abdallah; and (6) CDCR Special Agent Christopher Paris.  (ECF No. 40 at 2-3.)  All defendants are sued in their respective individual and official capacities.  (Id. at 3.)

Despite the court's repeated instructions to state his claims in short and concise terms, plaintiff filed a forty-page TAC that largely tracks his prior complaints.  Plaintiff alleges that defendants Taiarol, Mamaril, and Abdallah obtained warrants to search his cars and residences

and place GPS trackers and cell phone wiretaps based on the false assertion that plaintiff was a validated gang member under California law. (ECF No. 40 at 9, 26.) Defendant Gutierrez allegedly authored the false crime reports underlying the search warrants and unlawfully accessed plaintiff's private social media accounts. (Id. at 6.) Defendant Paris provided the search warrants' authors with false gang intelligence. (Id. at 19.)

Plaintiff further alleges that defendants Taiarol, Mamaril, Abdallah, and Paris gave false testimony to a grand jury that plaintiff was a validated gang member. (ECF No. 40 at 35.) Plaintiff was arrested on August 10, 2017, and later charged with three counts of attempted murder in connection with a high-speed chase on June 26, 2017. His charges included gang enhancements and separate gang-related felonies. (Id. at 28.) The gang-related charges were dismissed with prejudice on March 15, 2021. (Id. at 5, 9.)

Defendant Pierce arrested plaintiff in 2009. (ECF No. 40 at 3.) Plaintiff was not charged with a gang-related crime. (Id.) Plaintiff filed a citizen's complaint and § 1983 action against Pierce during those criminal proceedings. Plaintiff alleges that Pierce's failure to report the other defendants' misconduct and correct the falsified gang information constitutes retaliation. (Id. at 4-5, 25.) Plaintiff also claims that defendants Taiarol, Mamaril, Paris, Gutierrez, and Abdallah's actions constituted retaliation for plaintiff's § 1983 action against Pierce. (Id. at 34-35.)

## DISCUSSION

### I. Challenges to Search Warrants

In his TAC, plaintiff again challenges search warrants that he alleges were issued based on false gang allegations. This claim was dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) in the last screening order because the complaint did not explain how the warrants led to the dismissed gang charges. (ECF No. 37 at 4.) The undersigned explained that if the warrants resulted in information that led to charges unrelated to gang affiliation, then a finding that those warrants were invalid would necessarily invalidate his conviction.[1] (Id.)

---

[1] The facts underlying plaintiff's conviction are discussed at length in his federal habeas petition, Rodriguez v. Madden, 2:22-cv-1539 WBS KJN P (E.D. Cal.), particularly in the magistrate judge's findings and recommendations that the petition be denied. (ECF No. 25 at 2-4.) The district judge denied the petition on August 25, 2023. (ECF No. 28.)

3

In the TAC, plaintiff states that his claims will not invalidate or overturn his plea deal because the gang charges were dismissed, and he pled to charges that were not gang related. (ECF No. 40 at 9, 39-40.) But this again does not address whether the warrants produced information that led to the attempted murder and other charges not related to gang affiliation. The TAC's allegations suggest they did. For example, plaintiff alleges the topic of defendant Mamaril's investigation and surveillance was "Attempt 187 on SPD Officers, June 26, 2017." (Id. at 17-18.) Plaintiff adds that defendants used gang evidence because it is the "easiest and fastest way to obtain search warrants." (Id. at 1, 26.) The undersigned interprets this allegation as suggesting the false gang evidence was a pretext for gathering evidence on the other charges.

Plaintiff also alleges that there was no independent basis for probable cause outside of the gang allegations. In other words, the search warrants would not have issued at all without the false gang allegations. (ECF No. 40 at 8, 14-15.) Even accepting that as true, the fact remains that success on plaintiff's challenge to the warrants would necessarily imply the invalidity of his conviction, and plaintiff has not alleged his underlying conviction has been favorably terminated. In sum, the TAC's allegations support the inference that plaintiff is challenging the search warrants because they ultimately led to his conviction and imprisonment on non-gang charges.

The Ninth Circuit has applied Heck to similar § 1983 suits challenging the search and seizure of the evidence upon which criminal charges and convictions were based. In Whitaker v. Garcetti, 486 F.3d 572, 583–84 (9th Cir. 2007), the Court held that Heck barred plaintiffs, who were convicted of cocaine possession, from bringing § 1983 claims alleging defendants falsified the warrant application for wiretaps that ultimately produced the evidence that triggered the investigations against them. Similarly, in Szajer v. City of Los Angeles, 632 F.3d 607, 611-12 (9th Cir. 2011), the Court held Heck preempted plaintiff's § 1983 challenge to an undercover operation that formed the only basis for finding probable cause to search their gun shop and residence. Plaintiff's § 1983 claims, as alleged, are indistinguishable from those in Whitaker and Szajer and should be dismissed.

The undersigned advised plaintiff in the last screening order that his TAC would be the "final opportunity" to state a cognizable § 1983 challenge to the search warrants. (ECF No. 37 at

4

4.) Because it is evident now that the deficiencies identified in that order cannot be cured, the undersigned recommends that plaintiff's claim be dismissed without leave to amend. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

## II.      Challenges to Grand Jury Testimony

Plaintiff alleges that defendants Taiarol, Mamaril, Abdallah, and Paris gave false grand jury testimony that resulted in gang charges that were later dismissed. In the last screening order, the undersigned found these allegations minimally sufficient to state a claim for falsification of evidence. Plaintiff will be permitted to proceed on this claim again. "[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074–75 (9th Cir. 2001). "[A] § 1983 plaintiff need not be convicted on the basis of the fabricated evidence to have suffered a deprivation of liberty—being criminally charged is enough." Caldwell v. City & Cnty. of San Francisco, 889 F.3d 1105, 1115 (9th Cir. 2018) (citing Devereaux, 263 F.3d at 1074-75).

Plaintiff's claim is cognizable against defendants in their individual capacities only. Plaintiff cannot proceed against defendants Taiarol, Mamaril, and Abdallah in their official capacities because he has not identified a municipal policy, custom, or practice as the moving force behind the alleged constitutional violation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55 (1978) (Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."). Further, while state officials like defendant Paris can be sued in their official capacities for injunctive relief under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), they are liable "only if policy or custom played a part in the violation of federal law." Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001); see also Norsworthy v. Beard, 87 F. Supp. 3d 1104, 1113 (N.D. Cal. 2015) (agreeing that in an official-capacity action against state officials for injunctive relief, a state policy or custom must have played a part in the violations). Here, plaintiff has not alleged a state policy or custom behind the

falsification of evidence. Accordingly, plaintiff has stated a cognizable Fourteenth Amendment falsification of evidence claim against defendants Taiarol, Mamaril, Abdallah, and Paris in their individual capacities only.

### III. First Amendment Retaliation

"[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted). "The most fundamental of the constitutional protections that prisoners retain are the First Amendment rights to . . . pursue civil rights litigation in the courts, for '[w]ithout those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices.'" Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) (quoting Rhodes, 408 F.3d at 567).

Plaintiff pleads two claims for retaliation, neither of which is cognizable. First, plaintiff alleges that defendant Pierce failed to stop the gang surveillance in retaliation for plaintiff's prior § 1983 suit and citizen's complaint. Plaintiff's theory is that Pierce arrested him in 2009 and knew he wasn't a gang member yet still investigated him for gang ties in 2016. This claim is based on pure speculation. Plaintiff does not allege any facts from which to infer his prior complaints were the "the substantial or motivating factor behind [Pierce's] conduct." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (internal citations and quotations omitted). Further, the seven-year gap between plaintiff's arrests is far too distant for the undersigned to infer retaliatory intent from the timing alone. Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (observing that "timing can properly be considered as circumstantial evidence of retaliatory intent" but that "sheer speculation" alone does not support the inference).

The TAC's claim that defendants Taiaol, Mamaril, Paris, Gutierrez, and Abdallah investigated plaintiff in retaliation for his complaints against Pierce fails for the same reasons. Plaintiff does not allege defendants knew about his prior complaints against Pierce, and that knowledge cannot be inferred in the absence of any temporal proximity. Accordingly, plaintiff's

1  TAC fails to state any cognizable First Amendment claims.  See Wood v. Yordy, 753 F.3d 899,
2  905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of
3  retaliation is insufficient.").

### IV. Remaining Claims Do Not Comply with Rule 8

Finally, plaintiff raises a flurry of claims near the end of the complaint with no factual support or clearly identified defendants: First Amendment freedom of expression and right to redress by the government, Fourth Amendment right to privacy, Fourteenth Amendment due process and equal protection, Eighth Amendment reasonable bail and failure to protect, false arrest, malicious prosecution, and so forth.  (ECF No. 40 at 34-36.)

"Shotgun" or "kitchen sink" allegations in this vein are strongly disfavored. "The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support . . . . It is the plaintiff['s] burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." Gurman v. Metro Housing & Redevelopment Authority, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011).

It is not this court's role to sift through the TAC to match facts and defendants to these claims.  While district courts are to construe liberally pleadings filed by pro se litigants, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), overruled on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Accordingly, these remaining claims should be dismissed for failure to comply with Rule 8.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) ("[Rule 8] . . . applies to good claims as well as bad, and is a basis for dismissal independent of" a failure to state a claim upon which relief can be granted.)

### V. No Leave to Amend

As determined above, plaintiff has stated a cognizable Fourteenth Amendment falsification of evidence claim against defendants Taiarol, Mamaril, Abdallah, and Paris, but no

7

1 | other cognizable claims. The undersigned finds service is appropriate for these defendants and
2 | will initiate that process as set out below. **Plaintiff will be directed to fill out paperwork for**
3 | **defendants Taiarol, Mamaril, and Abdallah only.** Defendant Paris will be served by a separate
4 | order because CDCR participates in the Court's E-Service pilot program for civil rights cases.

      Plaintiff should not be given leave to amend his other claims. Plaintiff was told that his TAC was the final chance to state a cognizable challenge to the search warrants and advised what kind of information he needed provide. Still, he failed to do so. Further, plaintiff's First Amendment retaliation claim, which he raised for the first time in his TAC, is based on pure speculation and cannot be cured. Finally, the laundry list of claims near the end of the complaint fails to comply with Rule 8. In recommending this flurry of claims be dismissed without leave to amend, the undersigned notes that plaintiff has received multiple warnings throughout the action to comply with Rules 8 and 11. (See, e.g., ECF No. 37 at 7.)

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's TAC states a cognizable Fourteenth Amendment falsification of evidence claim against defendants Taiarol, Mamaril, Abdallah, and Paris in their individual capacities. Accordingly, service is appropriate for defendants Taiarol, Mamaril, and Abdallah on plaintiff's Fourteenth Amendment falsification of evidence claim. As explained above, **service will be directed on defendant Paris by separate order pursuant to the Court's E-Service pilot program for civil rights cases.**

2. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet, and a copy of the TAC filed November 25, 2024. (ECF No. 40.)

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each of the following defendants: (1) Taiarol; (2) Mamaril; and (3) Abdallah; and

        d. Four (4) copies of the endorsed complaint filed November 25, 2024.

    4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

    In addition, IT IS HEREBY RECOMMENDED that:

    1. Plaintiff's remaining claims be dismissed without prejudice for failure to state a claim upon which relief can be granted, 28 U.S.C. § 1915A(b)(1), and noncompliance with Rule 8 of the Federal Rules of Civil Procedure; and

    2. The Clerk of the Court be directed to terminate defendants Gutierrez, Moreno, and City of Stockton from the Docket.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN REFUGIO RODRIGUEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>RYAN TAIAROL, et al.,<br><br>        Defendants. | No.  2:21-cv-01958 DAD SCR P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

      Plaintiff submits the following documents in compliance with the court's order filed _____:

    _____    completed summons form

    _____    completed forms USM-285

    _____    copies of the complaint

DATED:_____

                                          Steven R. Rodriguez
                                          Plaintiff pro se