UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN REFUGIO RODRIGUEZ,

Plaintiff,

v.

RYAN TAIAROL, et al.,

Defendants.

No.  2:21-cv-01958 DAD SCR P

ORDER

Plaintiff, who was formerly incarcerated in state prison, is proceeding pro se on his operative third amended complaint ("TAC"), which the undersigned determined stated a cognizable Fourteenth Amendment falsification of evidence claim against defendants Taiarol, Mamaril, Abdallah, and Paris.[1]  ECF No. 45.  On January 2, 2026, defendants Taiarol, Mamaril, and Abdallah filed a motion to dismiss under Federal Rule of Civil Procedure on 12(b)(6).  ECF No. 61.  After plaintiff failed to file a timely opposition, the undersigned, sua sponte, granted plaintiff an additional 21 days to respond given his documented health issues.  ECF No. 67.

Plaintiff has now filed a motion for continuance, which the undersigned construes as a request for a 30-day extension to time to file an opposition.  ECF No. 68.  Plaintiff explains that

---

[1]  On February 12, 2026, District Judge Drozd adopted the findings and recommendations that the TAC's remaining claims be dismissed and terminated Gutierrez, Moreno, and the City of Stockton as defendants from this action.

1

he needs more time to locate the documents from his criminal appellate case and retrieve other documents from his criminal defense attorneys. Id. at 2-3. Defendants oppose the continuance on grounds that plaintiff has already received an extension of time and has not shown good cause for another. ECF No. 69.

In light of plaintiff's pro se status and documented health issues, the undersigned will grant him one more extension of time to oppose defendants' motion to dismiss. Plaintiff is advised that going forward, the undersigned will not consider his inability to retrieve documents, including the purported eight-volume appellate file, to be good cause for another extension. While those documents may be helpful at a later stage of the case, the standard of review on a motion to dismiss under Rule 12(b)(6) is quite limited. To survive a Rule 12(b)(6) motion, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court may consider all materials incorporated into the complaint by reference, as well as evidence properly subject to judicial notice. Weston Fam. P'ship LLLP v. Twitter, Inc., 29 F.4th 611, 617-18 (9th Cir. 2022).

Finally, plaintiff states that he has not viewed the court's order regarding the hearing on February 12, 2026. ECF No. 68 at 2. Plaintiff is informed that in that order, the undersigned vacated the hearing on defendants' motion to dismiss that was set for that date. Under our local rules, motions in so-called "prisoner actions" like this one are submitted on the record without oral argument. Local Rule 230(l).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a continuance, construed as a request for a 30-day extension of time (ECF No. 68) is GRANTED. Plaintiff shall file an opposition to defendants' motion to dismiss within 30 days of this order. Plaintiff is again advised that a failure to timely respond may be deemed a waiver of opposition to the granting of the motion. Local Rule 230(l).

DATED: February 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2