UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN REFUGIO RODRIGUEZ,

Plaintiff,

v.

RYAN TAIAROL, et al.,

Defendants.

No.  2:21-cv-01958 DAD SCR

ORDER

Plaintiff is a federal pretrial detainee proceeding pro se with a civil rights complaint under 42 U.S.C. § 1983.  Pending before the undersigned is plaintiff's motion to appoint counsel.  ECF No. 74.  For the reasons set forth below, plaintiff's motion is denied without prejudice.

## I.   Plaintiff's Motion

Plaintiff's motion, which reflects that it was created using generative artificial intelligence (ChatGPT), seeks the appointment of voluntary counsel based on his indigency and terminal diagnosis of Myotonic Dystrophy Type 1, a progressive and degenerative neuromuscular disease.[1]  ECF No. 74 at 2.  Plaintiff lists the symptoms for his condition, including severe muscle weakness, chronic fatigue, forgetfulness, short-term memory loss, and difficulty with concentration, and states generally that they impair his ability to litigate effectively.  Id. at 2-3.

---

[1]  While AI can be a powerful for pro se litigants, the undersigned advises plaintiff that it has its limitations and must be used responsibly.  Plaintiff is further reminded that he must comply with the Local Rules and the Federal Rules of Civil Procedure and can be sanctioned for noncompliance.  L.R. 183(a), 110.

1

He adds that his § 1983 action is complex and that he is likely to succeed on the merits. Id. at 3. Defendant filed an opposition to plaintiff's motion to appoint counsel (ECF No. 76) and a supplemental opposition alerting the Court to media articles regarding plaintiff's recent arrest (ECF No. 77).[2]

## II.     Legal Standard

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed

---

[2] Given the health-related nature of plaintiff's claims, the undersigned doubts defendants have standing to oppose his motion to appoint counsel. See Bumpus v. Nangalama, No. 2:12-CV-1102 GEB DAD, 2015 WL 5435364, at *4 (E.D. Cal. Sept. 15, 2015) (expressing same in motion to appoint counsel centering on plaintiff's mental health diagnoses). Because the motion fails on its own merits, the undersigned will not consider defendants' arguments. See Hanna v. Cnty. of Fresno, No. 1:14-CV-00142 LJO SKO, 2015 WL 6872809, at *2 (E.D. Cal. Nov. 9, 2015) (denying motion to strike defendants' objections to his motion to appoint counsel as moot after denying motion to appoint counsel on its own merits).

representatives under Section 504 of the Rehabilitation Act of 1973).  Due process may also require appointment of counsel in certain proceedings.  See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

**III.    Analysis**

The undersigned finds that plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel under 28 U.S.C. § 1915(e).  Plaintiff's indigency and lack of legal skills and resources are circumstances common to all incarcerated individuals.  Wood, 900 F.2d at 1335.  Moreover, plaintiff's Fourteenth Amendment falsification of evidence claim pertaining to his gang enhancement charges is not particularly complex, and it is far too early in the proceedings to determine plaintiff's likelihood of success on the merits of that claim.

The undersigned has also considered whether plaintiff's diagnosis warrants appointment of counsel under 28 U.S.C. § 1915 or as a reasonable accommodation.  To warrant the appointment of counsel, a disability must impede an individual's "meaningful access to the court."  Franco-Gonzalez, 2013 WL 3674492, at *4.  This inquiry generally involves a "fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow meaningful access to the program."  Mark H. v. Hamamoto, 620 F.3d 1090, 1098 (9th Cir. 2010) (citations omitted).  Here, plaintiff provides only general, AI-generated information regarding his diagnosis and common symptoms.  He did not submit a sworn declaration or otherwise describe his condition or its specific impact on his ability to litigate in any detail.  Further, plaintiff's representations regarding his disability's adverse impact on his ability to litigate are at odds with his recent invocation of the right of self-representation under Faretta v. California, 422 U.S. 806 (1975), in his federal criminal matter.[3]  See United States v. Rodriguez, No. 2:26-mj-00062-CKD, ECF No. 10 (E.D. Cal.).

In sum, on this sparse factual record, the undersigned cannot say that plaintiff's medical

---

[3]  The undersigned may take judicial notice of federal court filings.  Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts); see also Fed. R. Evid. 201.

3

condition is an exceptional circumstance warranting the appointment of counsel or otherwise impedes his meaningful access to this Court.  Accordingly, plaintiff's motion is denied without prejudice to refiling at a later point in the proceeding.

**IV.    Conclusion**

For the reasons explained above, plaintiff's motion to appoint counsel is denied without prejudice.  Because plaintiff may mistakenly be waiting for the appointment of counsel to oppose defendants' motion to dismiss, the undersigned will grant plaintiff one more opportunity to file an opposition.  In light of plaintiff's recent arrest, the undersigned will also direct the Clerk of the Court to send plaintiff a copy of defendants' motion as a one-time courtesy.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to appoint counsel (ECF No. 74) is DENIED without prejudice;

2.      Plaintiff shall file an opposition to defendants' motion to dismiss within 21 days of this order.  Defendants may file a reply within 14 days of service of plaintiff's opposition.  If plaintiff fails to timely oppose defendants' motion, the undersigned will deem the matter submitted.

3.      As a one-time courtesy, the Clerk of the Court is directed to serve plaintiff with a copy of defendants' motion to dismiss (ECF No. 61) and memorandum of law (ECF No. 62).

DATED: June 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4