UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN REFUGIO RODRIGUEZ,

Plaintiff,

v.

RYAN TAIAROL, et al.,

Defendants.

No. 2:21-cv-01958 DAD SCR

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner is a federal pretrial detainee proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Pending before the undersigned is a motion to dismiss Plaintiff's third amended complaint ("TAC") pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendants Taiarol, Mamaril, and Abdallah, ECF No. 61, and Defendant Paris's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), ECF No. 79. For the reasons set forth below, the undersigned recommends that both motions be granted and that Plaintiff's TAC be dismissed with leave to amend consistent with the instructions herein.

## PROCEDURAL HISTORY

### I. Statutory Screening

The action is proceeding on Plaintiff's TAC filed on July 25, 2024. ECF No. 40. The TAC broadly alleges that Defendants Taiarol, Mamaril, and Abdallah of the Stockton Police Department, and Defendant Paris of the California Department of Corrections and Rehabilitation

("CDCR"), falsely attested to his affiliation with three gangs (Nortenos/Northern Riders, South Side Stockton Nortenos, and Nuestra Familia Street Gang) to procure search warrants and later a grand jury indictment relating to a high-speed chase with Stockon Police Officers on June 26, 2017. Id. at 1-2, ¶1; id. at 5, ¶¶ 17-18. On January 8, 2021, Plaintiff entered a nolo contendre plea on several charges, including three counts of assault with a machine gun on a peace officer in violation of California Penal Code § 245(d)(3). ECF No. 63-2. Plaintiff was sentenced to 21 years in prison. ECF No. 63-3 at 2-3. CDCR granted Plaintiff compassionate release from state prison in November 2025. ECF No. 56. He was subsequently re-arrested on federal charges in May 2026 and is currently detained in a county jail. ECF No. 81.

Plaintiff filed the prolix 40-page TAC despite the Court's repeated instructions in prior screening orders that he is to state his claims in short and concise terms. Nevertheless, the undersigned determined on screening pursuant to 28 U.S.C. § 1915A that the TAC stated a narrow, cognizable Fourteenth Amendment deliberate fabrication of evidence claim against Defendants Taiarol, Mamaril, Abdallah, and Paris based on their allegedly false grand jury testimony. ECF No. 45 at 5-6. Plaintiff alleged these Defendants falsely testified to his gang affiliation that resulted in indictments on gang-related enhancements that were later dismissed with prejudice. See ECF No. 40 at 1-2, ¶ 1; id. at 30-32; id. at 35, ¶ 70. Plaintiff states he has not been affiliated with a gang since 2003, id. at 29, ¶ 56, and that the District Attorney informed the Judge that there was a "mistake with gangs" prior to the dismissal of charges. Id. at 31, ¶ 61.

The undersigned also recommended that the remainder of the claims in the TAC should be dismissed. The undersigned found Plaintiff's Fourteenth Amendment challenge to the search warrants and other evidence underlying his convictions was barred by Heck v. Humphrey, 512 U.S. 477 (1994). ECF No. 44 at 3-4. The undersigned also found the "flurry" of other constitutional claims at the end of the TAC (e.g., First Amendment freedom of expression, Fourth Amendment right to privacy, Eighth Amendment reasonable bail and failure to protect, etc.) comprised improper "shotgun" and "kitchen sink" allegations. Id. at 7. The assigned District Judge adopted the findings and recommendations in full and dismissed the TAC's remaining claims and defendants without prejudice and without leave to amend for failure to state a

cognizable claim for relief. ECF No. 70.

**II. Defendants' Motions**

**A. Motion to Dismiss (Defendants Taiarol, Mamaril, and Abdallah)**

Defendants Taiarol, Mamaril, and Abdallah move to dismiss the TAC for failure to state a deliberate fabrication of evidence claim. ECF No. 61. They first argue that Plaintiff cannot establish causation because he did not suffer an injury; assuming arguendo that Defendants gave false grand jury testimony, there was no deprivation of liberty because the charges were dismissed. ECF No. 62 at 6, 10. Defendants further claim that the prosecutor's decision to file gang enhancements was a break in the causal chain that immunizes Defendants from damages. Id. at 10. Finally, Defendants argue that the TAC's disorganized allegations do not adequately link the Defendants to the alleged fabrication and regardless do not contain sufficient facts to support reasonable inferences of deliberate, as opposed to inadvertent, false information. Id. at 11-14.

**B. Motion for Judgment on the Pleadings (Defendant Paris)**

Plaintiff alleged in the TAC that Defendant Paris is a CDCR Special Agent who testified to the grand jury that Plaintiff was a validated gang member. ECF No. 40 at 22. In his Rule 12(c) motion, Defendant Paris argues he is entitled to absolute immunity for this expert-witness testimony. ECF No. 79 at 5-7. Paris alternatively challenges the TAC as a "shotgun pleading" violative of Rule 8(a)(2). Id. at 7-8. Defendant Paris' final argument disputes the legal sufficiency of Plaintiff's Devereaux claim for reasons like those laid out in the other Defendants' Rule 12(b)(6) motion. He maintains that Plaintiff's allegations of deliberate fabrication are conclusory and contradicted by Paris' grand jury testimony that show he gave his opinions in good faith. Id. at 8-9. To support this position, Paris requests judicial notice of over 2,000 pages of grand jury transcripts. See ECF No. 79-1 through 79-8.

**C. Plaintiff's Non-Responses**

The undersigned has granted Plaintiff numerous extensions of time to oppose both motions (ECF Nos. 67, 71, 73, 82) based on his documented health issues and re-arrest in May 2026. Despite this latitude, Plaintiff has not filed an opposition to either motion.

Plaintiff's most recent request for extension, a motion for a 30-day continuance to oppose Defendants' motion to dismiss filed on August 10, 2026 (ECF No. 83), is denied. Plaintiff claims that he cannot respond because he does not have a copy of Defendants' Rule 12(b)(6) motion to dismiss. But the Court re-served that motion and its related filings on June 22, 2026, after Plaintiff notified the Court of his re-arrest and new address. See ECF No. 80. Plaintiff has not shown good cause to prolong resolution of this motion any further.

Although the Court is authorized to deem Plaintiff's nonresponse as a waiver of opposition to granting the motions, see Local Rule 230(*l*), the undersigned will address the motions on their merits due to Plaintiff's status as an incarcerated pro se litigant.

## LEGAL STANDARDS

### I. Motion to Dismiss for Failure to State a Claim

A defendant may move to dismiss a claim under Rule 12(b)(6) if the allegation "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. This standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," Iqbal, 556 U.S. at 679, and to "draw all reasonable inferences in favor of the nonmoving party." Boquist v. Courtney, 32 F.4th 764, 773 (9th Cir. 2022) (quoting Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014)) (internal quotation marks omitted). Stating a claim "requires more than labels and conclusions, and a formulaic recitation of the elements." Twombly, 550 U.S. at 555.

On a Rule 12(b)(6) motion, the court may consider all materials incorporated into the complaint by reference, as well as evidence properly subject to judicial notice. Weston Fam. P'ship LLLP v. Twitter, Inc., 29 F.4th 611, 617-18 (9th Cir. 2022). "Ultimately, dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of

facts to support its claims." Boquist, 32 F.4th at 773–74 (internal citation and quotation marks omitted) (cleaned up).

The court may dismiss for failure to state a claim when the allegations of the complaint and judicially noticeable materials establish an affirmative defense or other bar to recovery, such as the expiration of the statute of limitations. See Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting Jones v. Bock, 549 U.S. 199, 215 (2007)); see also Goddard v. Google Inc., 640 F. Supp. 2d 1193, 1199, n. 5 (N.D. Cal. 2009) (noting that "affirmative defenses routinely serve as a basis for granting Rule 12(b)(6) motions where the defense is apparent from the face of the [c]omplaint"). However, dismissal under Rule 12(b)(6) is improper if the allegations of the complaint and judicially noticeable materials concerning the defense involve disputed issues of fact. ASARCO, LLC v. Union Pacific R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) (citing Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting In re Doe, 58 F.3d 494, 497 (9th Cir. 1995)), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012).

## II. Motion for Judgment on the Pleadings

After the pleadings are closed, "but early enough not to delay trial[,]" a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is "functionally identical to a Rule 12(b)(6) motion" and both motions are subject to the same standard of review. Gregg v. Department of Public Safety, 870 F.3d 883, 887 (9th Cir. 2017) (citation omitted); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) ("Rule 12(h)(2) should be read as allowing a motion for judgment on the pleadings, raising the defense of failure to state a claim, even after an answer has been filed.").

"A district court will render a 'judgment on the pleadings when the moving party clearly

establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.'" Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 529 (9th Cir. 1997) (quoting George v. Pacific-CSC Work Furlough, 91 F.3d 1227, 1229 (9th Cir. 1996)). For such purposes, the court must accept as true all facts pled by the nonmoving party. Cafasso v. General Dynamics C4 Systems, 637 F.3d 1047, 1053 (9th Cir. 2011). The court does not accept as true legal conclusions made in the pleadings, nor does it draw any "unwarranted factual inferences" from them. United Food & Commercial Workers, Loc. 1995 v. Kroger Co., 51 F.4th 197, 202 (6th Cir. 2022).

**III. Fourteenth Amendment Deliberate Fabrication of Evidence**

"[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc). The deliberate fabrication of evidence implicates "the fundamental due process right to a fair trial." Richards v. County of San Bernadino, 39 F.4th 562, 572 (9th Cir. 2022). This is true "regardless of the plaintiff's innocence or guilt . . . the right to a fair trial is impinged either way." Id.

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." Spencer v. Peters, 857 F.3d 789, 798 (9th Cir. 2017) (citations omitted). To establish the second element of causation, the plaintiff must show "that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." Spencer, 857 F.3d at 798 (citations omitted).

**DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE**

**I. Defendants' Requests**

Both sets of Defendants request judicial notice of documents pertaining to Plaintiff's state criminal case and appeals. Defendants Taiarol, Mamaril, and Abdullah request judicial notice of six exhibits, most notably the criminal indictment for Plaintiff's state criminal case, No. STK-CR-

FECOD-2017-0012443 (Sept. 11, 2017), ECF No. 63-1, and the Minute Order before Judge Lance Jacot of the Superior Court of California, San Joaquin County (Jan. 8, 2021), containing the details of Plaintiff's plea agreement, ECF No. 63-2. As noted above, Defendant Paris requests judicial notice of over 2,000 pages of grand jury testimony that were filed in Plaintiff's state criminal appeal. ECF No. 79-1 through 79-8.

## II. Legal Standard

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, 899 F.3d 988, 999 (9th Cir. 2018) (citation and quotations omitted). The Ninth Circuit has clarified that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document. Id. at 999. Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." Id. As an example, the Ninth Circuit held that for a transcript of a conference call, the court may take judicial notice of the fact that there was a conference call on the specified date, but may not take judicial notice of a fact mentioned in the transcript, because the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the (document) establishes." Id. at 999-1000.

## III. Analysis

Defendant Taiarol's, Mamaril's, and Abdullah's request for judicial notice of the six exhibits pertaining to Plaintiff's state criminal case and appeal is granted. The undersigned will specify the facts judicially noticed from the exhibits where appropriate below. See Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

However, Defendant Paris' request to judicially notice the grand jury transcripts is denied. Paris offers the transcripts for the purpose of contradicting the TAC's factual allegations. The

Court may not resolve a Rule 12(c) motion "by weighing the plausibility of competing allegations or by considering evidence extrinsic to the non-movant's pleading without converting the motion to one for summary judgment." Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 306 (2d Cir. 2021); see also Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989) ("[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment."). The undersigned declines to convert Paris' motion to one for summary judgment and will instead resolve the motion on his immunity and other arguments that do not require comparison between the TAC and the voluminous transcript exhibits.

## DISCUSSION

### I. Defendant Paris

#### A. Absolute Immunity

The undersigned begins with Defendant Paris' argument that he is entitled to absolute immunity. The Ninth Circuit recently summarized the scope of immunity from liability for a § 1983 claim arising from a defendant's grand jury testimony:

> Under both state and federal law, "[w]itnesses, including police officers, are absolutely immune from liability for testimony . . . before a grand jury." Lisker v. City of Los Angeles, 780 F.3d 1237, 1241 (9th Cir. 2015) (citing Rehberg v. Paulk, 566 U.S. 356, 375, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012)); see Tennyson, 308 Or. at 86, 775 P.2d 1365. That immunity extends to conspiracies to provide false testimony and to any other "preparatory activities" that are "inextricably tied" to the witness's testimony. Lisker, 780 F.3d at 1241. It does not, however, extend to "'non-testimonial' acts, such as 'tampering with documentary or physical evidence or preventing witnesses from coming forward.'" Id. at 1242 (citation omitted).

Gibson v. City of Portland, 165 F.4th 1265, 1286 (9th Cir. 2026). The Supreme Court has articulated the reasons for extending this immunity to law enforcement witnesses. "If police officer witnesses were routinely forced to defend against claims based on their testimony, their 'energy and attention would be diverted from the pressing duty of enforcing the criminal law.'" Rehberg v. Paulk, 566 U.S. 356, 368-69 (2012) (quoting Briscoe v. LaHue, 460 U.S. 325, 343-44 (1983)). Further, "the possibility that a decision favorable to the accused might subject a police officer witness to liability would create the 'risk of injecting extraneous concerns' into appellate review and postconviction proceedings." Rehberg, 566 U.S. at 369 (quoting Briscoe, 460 U.S. at

344). "In addition, law enforcement witnesses face the possibility of sanctions not applicable to lay witnesses, namely, loss of their jobs and other employment-related sanctions." Id.

In Gibson, the plaintiffs alleged that one of the defendants, a police detective, gave false grand jury testimony and presented misleading excerpts of video footage to the grand jury in violation of 42 U.S.C. §§ 1983, 1985, and 1986. 165 F.4th at 1273. The Ninth Circuit held that the plaintiffs' allegations of deliberate fabrication of evidence "arise directly from or are inextricably intertwined with his grand jury testimony," and affirmed the district court's dismissal of the §§ 1983, 1985, and 1986 claims as "immunity-barred." Id. at 1286.

The § 1983 claim in Gibson is indistinguishable from Plaintiff's claim regarding Defendant Paris' grand jury testimony.[1] Plaintiff alleged Paris gave false expert testimony to the grand jury that he was gang validated. ECF No. 40 at 21-22, ¶¶ 44-47. Plaintiff explained that the grand jury did not receive the actual gang validation packets and instead relied solely on Paris' testimony. Id. at 22, ¶ 45. These allegations "arise directly from or are inextricably intertwined with [Paris'] grand jury testimony." See Gibson, 165 F.4th at 1286.

Plaintiff further alleged that as part of their grand jury testimony, Paris and Taiarol introduced false photo stills to establish Plaintiff's gang ties. ECF No. 40 at 22, ¶ 47. But Plaintiff does not explain how the stills are "false" (e.g., doctored, altered, etc.) other than alleging Paris offered them without "proper evidence gathering & booking[.]" ECF No. 40 at 22, ¶ 47. Without more, the undersigned cannot determine whether they are akin to the misleading video excerpts in Gibson or the non-testimonial "falsified videotaped interviews and forensic reports" the Ninth Circuit identified in Lisker, 780 F.3d at 1242, as materials that fall outside of the scope of absolute immunity.

---

[1] Defendant Paris urges the Court to follow another case, Franklin v. Terr, 201 F.3d 1098 (9th Cir. 2000). In Franklin, after the plaintiff's murder conviction was overturned on habeas corpus, he brought a § 1983 claim against a psychiatrist and therapist who testified in his criminal trial. The Ninth Circuit held the plaintiff could not circumvent the defendants' absolute immunity by "alleging a conspiracy to present false testimony," and affirmed the district court's dismissal of the complaint. Franklin, 201 F.3d at 1102. While Franklin reinforces the general principles of witness immunity, the undersigned finds Gibson to be the more on-point authority considering its grand jury context and the specific public policies it articulates concerning law-enforcement witness immunity.

For all these reasons, the undersigned recommends that Defendant Paris' Rule 12(c) motion be granted and that the TAC's deliberate fabrication of evidence claim against Paris be dismissed.

**B. Leave to Amend**

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

In Gibson, the Court remanded to allow the plaintiffs to replead their claims to allege other non-testimonial conduct for which the detective might not be immune. 165 F.4th at 1286. Although Plaintiff has had three opportunities to amend his complaint during the statutory screening process, the undersigned has never had occasion to advise him of his pleading deficiencies regarding the affirmative defense of witness immunity. Therefore, as in Gibson, the undersigned will grant Plaintiff one more opportunity to amend his deliberate fabrication of evidence claim against Defendant Paris. Plaintiff is advised that to overcome Paris's absolute immunity for grand jury testimony, he must allege "'non-testimonial' acts, such as 'tampering with documentary or physical evidence or preventing witnesses from coming forward.'" Gibson, 165 F.4th at 1286 (quoting Lisker, 780 F.3d at 1242).

**II. Defendants Taiarol, Mamaril, and Abdullah**

**A. Absolute Immunity**

Unlike Defendant Paris' Rule 12(c) motion for judgment on the pleadings, the remaining Defendants' motion to dismiss does not raise absolute immunity. Nevertheless, because of the obvious similarities between the four Defendants' respective grand jury testimonies described in the TAC, the undersigned finds it necessary to sua sponte address absolute immunity as to all Defendants.

"[T]he assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense." Sams, 713 F.3d

at 1179 (quoting Jones, 549 U.S. at 215). The Ninth Circuit has long recognized a federal court's authority to raise such issues sua sponte. See Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981) ("A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim[.]") (citation omitted); Reed v. Lieurance, 863 F.3d 1196, 1207 (9th Cir. 2017) (same). The in forma pauperis statute provides additional authority to sua sponte consider immunity and other defenses on a Rule 12(b)(6) motion. See Chavez v. Robinson, 817 F.3d 1162, 1169 (9th Cir. 2016) (district courts may sua sponte dismiss complaint on any immunity ground under 28 U.S.C. § 1915(e)(2)(B)(iii)); Hebrard v. Nofziger, 90 F.4th 1000, 1006-07 (9th Cir. 2024) (affirming district court's sua sponte dismissal of Heck-barred in forma pauperis complaint three years after it was filed) (citation and quotation omitted); Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (in forma pauperis statute authorizes sua sponte dismissal "where the defense is complete and obvious from the face of the pleadings"), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319 (1989).

The TAC's allegations regarding each of Defendants Taiarol, Mamril, and Abdullah "arise directly from or are inextricably intertwined with [their] grand jury testimony." Gibson, 165 F.4th at 1286. Plaintiff alleges Defendant Taiarol's false testimony that the Nortenos coordinate in prison and on the street "deliberately & intentionally corrupted the grand jurors to [indict] the Plaintiff on gang allegations." ECF No. 40 at 30, ¶ 59; see also ECF No. 40 at 9, ¶ 29 (Taiarol testified to fabricated gang alliances between the Stockton Nortenos, Northern Riders, and Nuestra Familia that were "willful lies."). As explained above regarding Defendant Paris, the undersigned cannot decipher from the TAC's allegations whether Taiarol's and Paris' alleged introduction of "false" photo stills, id. at 22, ¶ 47, was a non-testimonial act falling outside the scope of their grand jury immunity. Moreover, Plaintiff identifies Mamaril as the "co-lead investigator" in the grand jury proceedings whose testimony led to the grand jury "returning a true bill." Id. at 14, ¶ 39. Petitioner alleges that Abdullah testified based on gang information provided by Defendants Paris and Taiarol, ECF No. 40 at 14, ¶ 37, and that she "should of known" that Plaintiff's alleged gang affiliations were implausible. Id. at 31, ¶ 60. Through these allegations, Defendants Taiarol's, Mamaril's, and Abdullah's absolute immunity for their grand

jury testimony is obvious from the face of the TAC.

Prior to sua sponte dismissal, a court generally must give the plaintiff "an opportunity to at least submit a written memorandum in opposition to such motion." Reed, 863 F.3d at 1207 (642 F.2d at 362). Here, Defendant Paris' motion put Plaintiff on notice of the immunity issue. Plaintiff has failed to respond to either motion despite receiving multiple extensions of time from the Court. Accordingly, seeing no barriers to sua sponte dismissal of Plaintiff's fabrication of evidence claims against Defendants Taiarol, Mamaril, and Abdullah, the undersigned recommends their motion to dismiss be granted. As with the similar claim against Defendant Paris, Plaintiff should be given leave to amend to replead, if he can, that Defendants undertook non-testimonial conduct for which they might not be immune. Gibson, 165 F.4th at 1286.

**B. Deprivation of Liberty**

Turning to the other bases for Defendants' motion, the undersigned rejects Defendants' argument that Plaintiff has not incurred or identified an injury. ECF No. 62 at 6. On a Devereaux claim, the "plaintiff need not be convicted on the basis of the fabricated evidence to have suffered a deprivation of liberty—being criminally charged is enough." Caldwell v. City & County of San Francisco, 889 F.3d 1105, 1115 (9th Cir. 2018); see also Gonzalez v. City of Huntington Beach, No. SA CV 18-0953 DOC (DFMx), 2018 WL 9537311, at *6 (C.D. Cal. Oct. 12, 2018) (denying motion to dismiss and rejecting argument that Devereaux requires "some deprivation of liberty other than the institution of criminal charges by itself.").

Here, Plaintiff alleges he was criminally charged with gang enhancements, which the judicially noticed indictment identifies as multiple counts of participation in criminal street gang activity under California Penal Code § 186.22(b)(1) and use of a firearm in furtherance of criminal street gang activity under California Penal Code § 12022.53(b) and (e)(1). See ECF No. 63-1. The favorable termination of Plaintiff's gang-related charges through dismissal with prejudice cleared the way for this narrow § 1983 claim. See McDonough v. Smith, 588 U.S. 109, 110 (2019) (holding the plaintiff "could not bring his fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution"). But the dismissal of those charges does not erase the injury he incurred at the time the charges were filed. "It would be anomalous to turn

away a plaintiff who has been injured by deliberately fabricated evidence simply because that evidence alone was not sufficient to cause the conviction—the right to a fair trial is impinged either way." Richards, 39 F.4th at 573. Having determined Plaintiff adequately alleged an injury, the undersigned will turn to the elements of his Devereaux claim.

**C. Pleading Deficiencies**

The undersigned also rejects Defendants' argument that the TAC does not adequately allege that Defendants fabricated evidence with deliberate indifference or reckless disregard for Plaintiff's rights. Despite its length and overall disorganization, the TAC provides more than the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," see Iqbal, 556 U.S. at 678, that do not pass muster under Rule 8.

The Ninth Circuit has endorsed a "deliberate indifference or reckless disregard for an accused's rights" standard in the context of Fourteenth Amendment deliberate fabrication of evidence. Gantt v. City of Los Angeles, 717 F.3d 702, 708 (9th Cir. 2013); Tennison v. City & Cnty. of San Francisco, 570 F.3d 1078, 1089 (9th Cir. 2009) ("[A] § 1983 plaintiff must show that [officials] acted with deliberate indifference to or reckless disregard for an accused's rights or for the truth in withholding evidence from prosecutors."). This standard "entails something more than negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Gantt, 717 F.3d at 708; see also Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (noting that the "deliberate indifference" standard in the context of a Fourteenth Amendment failure to protect claim requires the plaintiff "to prove more than negligence but less than subjective intent—something akin to reckless disregard").

From the TAC, the undersigned reasonably infers an overarching theory that Defendants' grand jury testimony regarding Plaintiff's gang ties was inherently implausible. To be sure, the TAC includes conclusory allegations in support of that theory. See, e.g., ECF No. 40 at 9, ¶ 29 ("[A]s a gang detective, Defendant [Taiarol] knew this data [on Plaintiff's membership in the Northern Rider prison gang] was incorrect."); id. at 15 ("Defendant Mamaril as a gang detective should of known Plaintiff's [gang] affiliations if any."); id. at 31, ¶ 60 (Abdullah "should of

known" that Plaintiff's alleged gang affiliations were implausible.) But the TAC includes minimally additional facts to lay a foundation for those statements. For example, Plaintiff states that the Stockton and CDCR databases that the Defendants have access to would reflect his status as a gang dropout. Id. at 29, ¶ 56; id. at 8, ¶ 29. He further alleges that Defendants testified to his membership in the Stockton Nortenos despite that gang disbanding three years earlier in 2014. Id. at 5, ¶ 16. Plaintiff also spends a significant portion of the TAC explaining the implausibility of his membership in three gangs that are "arch enemy groups." Id. at 12, ¶ 32; see also id. at 30, ¶ 58 ("[A]s a[n] experienced gang detective [Mamaril] should have known these 3 groups [Stockton Nortenos, Northern Riders, and Nuestra Familia] cannot be . . . connected." Id. at 30, ¶ 58. Accepting these allegations as true, a reasonable trier of fact could find their testimony so obviously implausible that it constituted reckless disregard for the truth. See Castro, 833 F.3d at 1071 (reckless disregard shown where a "reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious").

Plaintiff's legally sufficient allegations of reckless disregard also rebut Defendants' argument regarding the break in the chain of causation. "[A]bsent any specific allegation, such as the presentation of false evidence or the withholding of evidence, the grand jury indictment breaks any chain of causation linking the employees' activities to the institution of criminal proceedings[.]" Smiddy v. Varney, 665 F.2d 261, 267 n.2 (9th Cir. 1981) overruled on other grounds by Beck v. City of Upland, 527 F.3d 853, 865 (9th Cir. 2008)); see also Caldwell, 889 F.3d at 1116 (The presumption of a break in the chain of causation can be overcome if a plaintiff establishes that officers "either presented false evidence to or withheld crucial information from the prosecutor."). If the Plaintiff successfully rebuts the presumption, as Plaintiff has done here, "the analysis reverts back to a normal causation question" and the issue again becomes whether the constitutional violation caused the plaintiff's harm. Caldwell, 889 F.3d at 1116. Plaintiff here has adequately alleged that each Defendant testified before the grand jury and that their testimony was a "but-for" cause of his indictment of gang enhancement charges. For these reasons, the undersigned rejects Defendants' challenge to the legal sufficiency of the TAC.

## CONCLUSION

For the reasons explained above, the undersigned finds that it is clear from the face of the TAC that Defendants Paris, Taiarol, Mamaril, and Abdullah are entitled to absolute immunity for their grand jury testimony. Therefore, it is recommended that Defendant Paris' Rule 12(c) motion on the pleadings and Taiarol's, Mamaril's, and Abdullah's Rule 12(b)(6) motion to dismiss be granted. It is further recommended that Plaintiff be given one final opportunity to amend and allege, if he can, non-testimonial acts by Defendants that fall outside of the scope of their immunity.

Plaintiff's amended complaint must comply with the following instructions. First, Plaintiff may amend as to his deliberate fabrication of evidence claim related to Defendants' grand jury testimony only. Plaintiff may not revive the claims the Court previously dismissed without leave to amend. See ECF Nos. 45, 70. Plaintiff is advised to review the deficiencies with his TAC identified above prior to drafting his amended complaint. Second, Plaintiff is reminded that the Federal Rules of Civil Procedure contemplate brevity. **He is to plead his claim in a short and concise manner.** See Fed. R. Civ. P. 8(a)(2) (A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Third, Plaintiff must adequately allege that the Defendants engaged in "'non-testimonial' acts, such as 'tampering with documentary or physical evidence or preventing witnesses from coming forward.'" Gibson, 165 F.4th at 1286 (quoting Lisker, 780 F.3d at 1242).

More generally, Plaintiff is advised that the complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for an extension of time (ECF No. 83) is DENIED.

In addition, IT IS HEREBY RECOMMENDED that:

1. Defendants Taiarol's, Mamaril's, and Abdullah's motion to dismiss (ECF No. 61) be GRANTED.

2. Defendant Paris' motion for judgment on the pleadings (ECF No. 79) be GRANTED.

3. Plaintiff be granted 30 days to file an amended complaint and replead his Fourteenth Amendment deliberate fabrication of evidence claim against Defendants Taiarol, Mamaril, Abdullah, and Paris regarding their allegedly false grand jury testimony only. The amended complaint shall be titled "**Fourth Amended Complaint"** and reflect the case number for this action, **No. 2:21-cv-01958 DAD SCR P.**

4. Plaintiff be advised that a failure to file an amended within the time provided will result in the recommendation that the action be dismissed for failure to prosecute and failure to follow a court order. Fed. R. Civ. P. 41(b); Local Rule 110.

5. In the event Plaintiff timely files an amended complaint, Defendants' deadline to file a responsive pleading be stayed pending statutory screening pursuant to 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE